UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD TOMKINS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 05 C 5251 |
| v. ) | |
| ) | Judge John W. Darrah |
| FORTE CAPITAL PARTNERS, LLC; ) | |
| DANIEL McKELVEY; STEVE HIMMELMAN; ) | |
| MICHAEL WALSH; and RICHARD SEIFERT, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

*Pro Se* Plaintiffs – Richard M. Tomkins; John P. Sorin, M.D.; and James F. Shaw – filed a Complaint against the Defendants – Forte Capital Partners, LLC; Daniel McKelvey; Steve Himmelman; Michael Walsh; and Richard Seifert – alleging: (1) violation of Section 10 of the Securities Exchange Act of 1934 (the Act); (2) violation of Section 14 of the Act; (3) violation of Securities Exchange Commission (SEC) Rule 10b-5; and violation of SEC Regulation Section 240.14a-9. Presently before the Court is Defendants' Motion to Dismiss for (1) lack of personal jurisdiction; (2) *forum non conveniens*; and (3) improper venue. Defendants have alternatively argued a Motion to Transfer.

## BACKGROUND

A reading of Plaintiffs' Complaint supports the following summary of the alleged operative conduct of the parties.

This action arises from two attempted proxy solicitations by the Defendants in an attempt to take over SmartVideo Technologies, Inc. Plaintiffs are principal shareholders of the common stock of SmartVideo, a corporation organized under the laws of Delaware with its principal place of

business in Duluth, Georgia. All of the Plaintiffs reside in the Chicagoland area. The Defendants mailed, via U.S. Mail, their first proxy solicitation on or about June 21, 2005, to SmartVideo shareholders, including the Plaintiffs, at their Illinois residences. These proxy solicitations contained written consent forms, requesting consent from the shareholders to (1) amend the Bylaws to provide for four directors instead of the current two directors; (2) repeal provisions of SmartVideo's Bylaws that were adopted since April 29, 2005, or not filed with the Securities and Exchange Commission; (3) add a number of Nominees, who happen to be the Defendants, as new directors equal to the existing number of directors; and (4) remove all existing directors, increase the number of directors to four, and designate the remaining Nominees. This proxy solicitation was defeated on August 20, 2005; and the Defendants filed and mailed a second solicitation to SmartVideo shareholders, including Plaintiffs, on or about August 30, 2005. This second solicitation contained the exact requests and propositions for change as the first proxy solicitation. Prior to the end of the second solicitation period, the Defendants declared, through the financial press, that they had won their proxy solicitation. As a result of this news, Plaintiffs sold their shares of SmartVideo at prices below their true economic value.[1] However, a count by the teller of the solicited proxies showed that the Defendants' proxy solicitation had in fact been defeated again.

Forte is an investment company located in San Francisco, California. McKelvey is a co-founder and managing member of Forte who works and resides in the San Francisco area. Himmelman is a consultant in the business of investments, trading, and risk management. Himmelman works and resides in Chicago, Illinois. Walsh worked as SmartVideo's Chief Financial

---

[1] Plaintiffs do not make clear what damages they incurred based on the alleged violations, but paragraph 26 of the Complaint suggests that they sold their shares in a "panic selling mode" at low prices based on the second solicitation.

2

Officer (CFO) for a period of about four months from March to June of 2005. From January 2003 to the present, he has been a member of Forte, including the time period in which he acted as SmartVideo's CFO. Walsh works and resides in the San Francisco area. Finally, Seifert operates a corporation known as KC Adventures, Inc., which provided services to SmartVideo from February 2003 through May 2005. Seifert works and resides in Melrose Park, Pennsylvania.

## LEGAL STANDARD

In reviewing a motion to dismiss, the court considers all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). Dismissal is warranted if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Vill. of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

"[A] complaint need not include facts alleging personal jurisdiction." *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003) (*Purdue*), quoting *Steel Warehouse of Wisconsin, Inc. v. Leach*, 154 F.3d 712, 715 (7th Cir. 1998) (*Steel Warehouse*). "However, once the defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) for want of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Purdue*, 338 F.3d at 782, *citing Central States, S.E. & S.W. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 939 (7th Cir. 2000); *Steel Warehouse*, 154 F.3d at 715; *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). Unless an evidentiary hearing to determine jurisdiction is held by the district court, the plaintiff's burden is met

3

when he simply states a *prima facie* case of personal jurisdiction under the relevant jurisdictional statute. *See Purdue*, 338 F.3d at 782; *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002) (*Hyatt*); *Nelson v. Park Indus., Inc.*, 717 F.2d 1120, 1123 (7th Cir. 1983) (*Nelson*). In determining whether the plaintiff has met his burden of proof, all disputes concerning relevant facts are resolved in his favor. *Purdue Research Foundation*, 338 F.3d at 782; *Nelson*, 717 F.2d at 1123.

## ANALYSIS

Defendants argue for dismissal on three grounds: (1) lack of personal jurisdiction over the Defendants; (2) improper venue; and (3) *forum non conveniens*. Alternatively, Defendants move to transfer the case to the United States District Court for the Northern District of California.

### *PERSONAL JURISDICTION*

The Defendants first collectively argue that this Court lacks personal jurisdiction over them. Because all but one of the Defendants are based and/or reside outside of Illinois, the Defendants claim they have insufficient contact to warrant personal jurisdiction in this Court. Section 27 of the Securities Exchange Act explains personal jurisdiction for actions under the Act and states, in pertinent part, that:

> The district courts of the United States and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder . . . Any criminal proceeding may be brought in the district wherein any act or transaction constituting the violation occurred. Any suit or action to enforce any liability or duty created by this chapter or rules and regulations thereunder . . . may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business . . .

15 U.S.C. § 78aa (2000). Congress intended § 27 to extend personal jurisdiction to the fullest reach permitted by the Due Process Clause. *Leasco Data Processing Equipment Corp. v. Maxwell*,

4

468 F.2d 1326, 1339 (2d Cir. 1972); *see Hall v. Tyco Int'l Ltd.*, 223 F.R.D. 219, 228 (M.D.N.C. 2004); *see* U.S. CONST. amend. V.

Where Congress has authorized a manner of service such as nationwide service, personal jurisdiction of the district courts is governed by that law. *Lisak v. Mercantile Bancorp, Inc.*, 834 F.2d 668, 671-72 (7th Cir. 1989) (*Lisak*); *Fitzsimmons v. Barton*, 589 F.2d 330, 332-333 (7th Cir. 1979) (*Fitzsimmons*). Congress has done just this in enacting § 27 of the Securities Exchange Act. *See* 15 U.S.C. § 78aa; *Fitzsimmons*, 589 F.2d at 332-33. Where the defendants reside within the territorial boundaries of the United States, the federal government's exercise of power over them in any of its courts is justified. *Fitzsimmons*, 589 F.2d at 334 (sufficient contacts between United States and defendant must exist, but no contacts with specific forum necessary); *Bd. of Trustees, Sheet Metal Workers' National Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1035-36 (7th Cir. 2000) (reaffirming *Fitzsimmons*); *Diamond Mortgage Corp. of Ill. v. Sugar*, 913 F.2d 1233, 1244 (7th Cir. 1990) (same). Section 27 comports with the requirements of the Due Process Clause. *Fitzsimmons*, 589 F.2d at 332-34; *see Lisak*, 834 F.2d at 671-72.

Because all the individual Defendants are United States residents and because Forbes is a United States-based business entity, all United States district courts, including the Northern District of Illinois, have personal jurisdiction over them.[2] On these grounds, Defendants' motion to dismiss for lack of personal jurisdiction is denied as to all Defendants.

---

[2] Defendants point out in their reply brief that *Georgouse v. NaTec Resources, Inc.*, 963 F.Supp. 728 (N.D. Ill. 1997) allowed for transfer of Plaintiffs' derivative claims where over one-third of the stockholder Plaintiffs were Illinois residents. Accordingly, Defendants argue, this case should be transferred since only six percent of the stockholders are Illinois residents. However, *Georgouse* was addressing state law personal jurisdiction, which was questionable over the defendants of that case in Illinois, while the instant case addresses federal court personal jurisdiction, which is undoubtedly established in any of the United States.

5

## *VENUE*

Defendants next argue that venue is improper in Illinois since the public and private factors to be weighed in determining venue lean heavily in favor of transferring the case to the Northern District of California. However, the inquiry is not whether California is a "better" forum, but simply whether Illinois is a "proper forum." Section 27 provides four alternatives for proper venue: (1) where the defendant may be found; (2) where the defendant is an inhabitant; (3) where the defendant transacts business; or (4) where an act or transaction constituting the violation occurred. 15 U.S.C. § 78aa; *Sarratt v. Walker,* 405 F. Supp. 132, 133 (D.C.S.C. 1975) (*Sarratt*); *Fitzsimmons,* 589 F.2d at 334-35, n.7 (referencing venue provisions of § 27). Any one of these alternatives garnish proper venue. *Sarratt,* 405 F. Supp. at 133-34. Significantly, "where venue [is] proper for one defendant in a case brought under the '34 Act [referring to the Securities Exchange Act of 1934], venue [is] proper for all defendants." *Frank E. Basil, Inc. v. Leidesdorf,* 713 F. Supp. 1194, 1197 (N.D. Ill.1989) (*Leidesdorf*); *Burkhart v. Allson Realty Trust,* 363 F. Supp. 1286, 1292-93 (N.D. Ill. 1973) (*Burkhart*). This serves to avoid a multiplicity of lawsuits around the country for each defendant based on the same allegations made by the plaintiff. *Leidesdorf,* 713 F. Supp. at 1194; *Burkhart,* 363 F. Supp. at 1292-93.

It is uncontested that Himmelman works and resides in Chicago, Illinois. Under § 27's venue alternatives, venue is proper because of Himmelman. Venue is proper for all Defendants regardless of their contacts with this Court's forum. Defendants' motion to dismiss on the ground of improper venue is, therefore, denied.

## *FORUM NON CONVENIENS*

Defendants' final argument is to dismiss this case pursuant to the doctrine of *forum non conveniens* or, alternatively, to the statutory venue transfer provision at 28 U.S.C. § 1404(a). Plaintiffs contend that the Defendants have not met their burden of establishing that an alternative forum is more convenient than the Northern District of Illinois.

Pursuant to the doctrine of *forum non conveniens*, a court may dismiss a case if: (1) an alternative forum is available; and (2) dismissal would serve the interests of justice, despite proper subject matter and personal jurisdiction in the present court. *Hyatt*, 302 F.3d at 717; *Kamel v. Hill-Rom Co.*, 108 F.3d 799, 802 (7th Cir. 1997). In cases wholly within the federal system (i.e., where there are no derivative state claims or diversity jurisdiction), the doctrine has essentially been replaced by the transfer of venue statute, 28 U.S.C. § 1404(a). *Hyatt*, 302 F.3d at 717. As a result, the doctrine of *forum non conveniens* remains available only where the alternative forum alleged to be more convenient is overseas. *American Dredging Company v. Miller*, 510 U.S. 443, 449 n. 2 (1994) ("[T]he federal doctrine of *forum non conveniens* has continuing application only in cases where the alternative forum is abroad."); *see also Hyatt*, 302 F.3d at 717-18.

The Defendants contend that the Northern District of California is a better alternative forum. Because this forum is not abroad, the Court will not apply the doctrine of *forum non conveniens* analysis. Defendants' motion to dismiss pursuant to *forum non conveniens* is, therefore, denied. Instead, the Court will consider a § 1404(a) transfer analysis.

Under the provision in § 1404(a), the harshest result is a transfer of venue. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955) (*Norwood*). Where a suit is filed with proper venue, a federal

7

district court may "for the convenience of the parties and witnesses, [and] in the interest of justice . . . transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986) (*Coffey*). Although § 1404(a) limits consideration for transfer to three factors (convenience of the parties, convenience of the witnesses, and the interest of justice), district court judges have broad discretion in interpretation and weigh these factors, which serve more as guideposts for analysis than as rigid requirements, on a case-by-case basis. *Coffey*, 796 F.2d at 719-20; *Chicago R.I. & P.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir.), *cert. denied*, 350 U.S. 822 (1955); *see Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964) (*Van Dusen*). A lesser showing of inconvenience is required under § 1404(a) than under the traditional doctrine of *forum non conveniens*. *Coffey*, 796 F.2d at 220; *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981); *Norwood*, 349 U.S. at 32. The movant bears the burden of establishing, by reference to particular circumstances, that the alternative forum is clearly more convenient. *Coffey*, 796 F.2d at 219-20.

### Convenience

In evaluating convenience, the district court considers five factors: (1) plaintiff's initial choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience to the witnesses to be called to testify in the case; and (5) the convenience to the parties themselves. *Plotkin v. IP Axess, Inc.*, 168 F. Supp. 2d 899, 902 (N.D. Ill. 2001); *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 960 (N.D. Ill. 2000) (*Amoco*); *see also Georgouse v. NaTec Resources, Inc.*, 963 F. Supp. 728, 730 (N.D. Ill. 1997); *APV North America, Inc. v. Transindustrial*

*Development Corp.*, 2006 WL 51169 *1, *4 (N.D. Ill. 2006) (*APV*). The Court will consider each factor in turn.[3]

### Plaintiff's Choice of Forum

The plaintiff's choice of forum is generally entitled to substantial weight, especially when it is the plaintiff's home forum. *Plotkin*, 168 F. Supp. 2d at 902; *Vandeveld v. Christoph*, 877 F. Supp. 1160, 1167 (N.D. Ill. 1995) (*Vendeveld*). However, where the plaintiff's choice of forum has a relatively weak connection with the operative facts giving rise to the claim or is not the plaintiff's home forum, the deference traditionally given to that selection is lessened. *Plotkin*, 168 F. Supp. 2d at 902; *Bryant v. ITT Corp.*, 48 F. Supp. 2d 829, 831 (N.D. Ill. 1999); *Von Holdt v. Husky Injection Molding Systems, Ltd.*, 887 F. Supp. 185, 188 (N.D. Ill. 1995); *APV*, 2006 WL 51169 at *5. Plaintiff's choice of forum is an important consideration in determining whether a motion to transfer should be granted, but it is not determinative. *Plotkin*, 168 F. Supp. 2d at 902; *Amoco*, 90 F. Supp. 2d at 960.

Plaintiffs all reside within the Northern District of Illinois; therefore, they have chosen their home forum. However, Defendants have demonstrated that several important witnesses and evidence are located in the Northern District of California. While Plaintiffs were given an opportunity to submit a sur-reply to Defendants' reply brief, they opted not to do so. "It is not the obligation of the court to research and construct the legal arguments open to parties." *Coffey*, 796 F.2d at 220, *quoting Sanchez*

---

[3] Plaintiffs cite an array of authority in their Supplemental Response to Defendants' Motion to Dismiss on *Forum Non Conveniens* Grounds. However, that authority is not controlling in the Northern District of Illinois. Because relevant precedent for this case does exist within this District, the Court looks to those cases instead of the authority suggested by the Plaintiffs. *Cf. Plotkin v. IP Axess, Inc.*, 168 F. Supp. 2d 899 (N.D. Ill. 2001) (addressing a § 1404(a) motion to transfer venue in a federal securities fraud action).

*v. Miller*, 792 F.2d 694, 703 (7th Cir. 1986). Plaintiffs have not demonstrated that the events giving rise to the claims have a strong connection to the Northern District of Illinois – thus, deference is lessened. Accordingly, this factor weighs slightly in favor of a transfer.

### Situs of Material Events

Defendants argue that the material events giving rise to the claim occurred in the Northern District of California. Specifically, Defendants contend that the financial consultants that advised the proxy solicitations reside and work in the Northern District of California. Defendants also state that the proxy solicitations were mailed to the Plaintiffs from the Northern District of California. The Plaintiffs allege that the proxy solicitations were received by the Plaintiffs in the Northern District of Illinois, and this was the material event giving rise to the securities fraud claims. Since the mailing of the proxy solicitations from California and their receipt in Illinois balance each other out, this factor weighs in favor of a transfer since consultation regarding the proxy solicitations occurred in the Northern District of California.

### Relative Ease of Access to Sources of Proof

Defendants claim that the majority of the Defendants' business records relevant to Plaintiffs' claims, as well as several key witnesses, are located in the Northern District of California. Similarly, Defendants point out that several of these witnesses are only subject to compulsory process in the Northern District of California. In their response, Plaintiffs only assert that the proxy solicitations themselves are located in the Northern District of Illinois. Plaintiffs failed to name any additional sources of proof located in Illinois when they opted not to file a sur-reply. Based on the sources of proof brought to the Court's attention, this factor weighs in favor of a transfer.

### Convenience to the Witnesses

The party seeking transfer must specify the key witnesses to be called and establish that the nature and quality of their testimony with respect to the issues of the case warrants the case's transfer. *Vandeveld*, 877 F. Supp. at 1167-68; *APV*, 2006 WL 51169 at *5. Witness convenience does not depend on which party has the longer list of witnesses; rather, the weight given to a certain witness's inconvenience depends on the significance of their testimony. *See Plotkin*, 168 F. Supp. 2d at 904.

As discussed above, Defendants listed several witnesses and their anticipated testimony, to which Plaintiffs did not counter. Since the only witnesses identified by either party are located in the Northern District of California, this factor weighs in favor of a transfer.

### Convenience of the Parties

When considering the inconvenience to the parties themselves, the court may consider where the parties reside and their respective abilities to bear the expense of trial in a particular forum. *Heller Financial, Inc. v. Riverdale Auto Parts, Inc.*, 713 F. Supp. 1125, 1130 (N.D. Ill. 1989); *APV*, 2006 WL 51169 at *6. A majority of the Defendants are employed and reside in the Northern District of California. However, one Defendant lives in Pennsylvania, another resides in the Northern District of Illinois, and all three Plaintiffs reside in the Northern District of Illinois. Defendants also contend that they have limited ability to bear the expense of trial in the Northern District of Illinois. Plaintiffs have not demonstrated their inability to finance this case if it goes to trial in an alternative forum. This factor is neutral.

### **Interest of Justice**

In addition to considering the convenience of the parties, witnesses, and evidence in relation to the proposed forum and the present forum, the Court must also consider which forum best serves

"the interest of justice." *Coffey,* 796 F.2d at 220; *Van Dusen,* 376 U.S. at 625. The interest of justice rubric focuses on the efficient administration of the courts, not the merits of the underlying dispute. *Coffey,* 796 F.2d at 221; *Plotkin,* 168 F. Supp. 2d at 904. This analysis also includes considerations such as "(1) the speed at which a case will proceed to trial, (2) the court's familiarity with the applicable law, (3) the relation of the community to the occurrence at issue, and (4) the desirability of resolving controversies in their locale." *Plotkin,* 168 F. Supp. 2d at 904; *APV,* 2006 WL 51169 at *6; *see Macedo v. Boeing Co.,* 693 F.2d 683, 690 (7th Cir. 1982) (discussing public interest factors of transfer analysis). Even where the convenience of the parties and witnesses may call for a different result, the "interest of justice" component may be determinative in particular cases. *Coffey,* 796 F.2d at 220; *see, e.g., Lemke v. St. Margaret Hosp.,* 593 F.Supp. 25 (N.D. Ill. 1983).

## Speed at Which the Case Will Proceed to Trial

The two most relevant statistics for this determination are (1) the median months from filing to disposition for civil cases and (2) the median months from filing to trial for civil cases. *Plotkin,* 168 F. Supp. 2d at 904; *Amoco,* 90 F. Supp. 2d at 962. On September 30, 2005, the median time from filing to disposition for civil cases was 6.9 months in the Northern District of Illinois and 9.8 months in the Northern District of California. *See* Admin. Office of the U.S. Courts, FEDERAL COURT MANAGEMENT STATISTICS (2005), *available at* http://www.uscourts.gov/cgi-bin/cmsd2005.pl. The median time from filing to trial for civil cases was 27 months in the Northern District of Illinois and 28 months in the Northern District of California. These figures indicate that the case would

progress at about the same speed in either district; therefore, this factor is neutral. *See Pollock v. Boss Industries, Inc.*, No. 05 C 4978, 2006 WL 488687, at *3 (N.D.Ill. Feb.24, 2006), *citing Coleman v. Buchheit, Inc.*, No. 03 C 7495, 2004 WL 609369, at *3 (N.D. Ill. Mar.22, 2004) (stating that a gap of two-and-a-half months will not greatly affect the speed at which the case can proceed to trial).

<u>Court's Familiarity with the Applicable Law</u>

Plaintiffs' claims are brought entirely under the Securities Exchange Act of 1934. Because Plaintiffs' claims are based entirely in federal law, both forums are equally capable and familiar with the applicable securities regulations. This factor is, therefore, neutral.

<u>Relation of the Community to the Occurrence and Its Interest in Resolving
the Dispute in Its Locale</u>

The Defendants contend that Northern California has a greater interest in resolving this case since it is its business organization and several of its residents that are accused of securities fraud. Alternatively, the Plaintiffs could claim the reverse argument – that Illinois has the greater interest of protecting its residents from being defrauded. Thus, this factor is neutral.

In light of all the factors considered in a § 1404(a) transfer motion discussed above, Defendants' motion to transfer to the Northern District of California is granted. Although it is a close question, Defendants provided compelling information to which Plaintiffs failed to counter with a sur-reply. Based on the information provided to this Court by the parties, transfer to the Northern District of California is proper.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss for lack of personal jurisdiction, improper venue, and *forum non conveniens* is denied. Defendants motion' to transfer to the Northern District of California is granted.

Dated: April 5, 2006

JOHN W. DARRAH
United States District Court Judge